## IN THE 403RD DISTRICT COURT
## TRAVIS COUNTY, TEXAS

|  |  |  |
|---|---|---|
| EX PARTE | ) | **Cause No.** |
| **Brandon Daniel,** | ) | **D-1-DC-12-201718** |
| **APPLICANT** | ) | |
|  | ) | |
|  | ) | |
|  | ) | |

## NOTICE OF APPEARANCE AS COUNSEL AND MOTION FOR NINETY-DAY EXTENSION OF TIME TO FILE INITIAL STATE HABEAS APPLICATION

OFFICE OF CAPITAL WRITS

JEREMY SCHEPERS (No. 24084578)
(E-Mail: Jeremy.Schepers@ocw.texas.gov)
ASHLEY R. STEELE (No. 24089245)
(E-mail: Ashley.Steele@ocw.texas.gov)
Post-Conviction Attorneys
Office of Capital Writs
1700 N. Congress Ave., Suite 460
Austin, Texas 78701
(512) 463-8600
(512) 463-8590 (fax)

Attorneys for Applicant

Filed in The District Court
of Travis County, Texas

AUG 21 2015 TC
At 11:26 A M.
Velva L. Price, District Clerk

## IN THE 403RD DISTRICT COURT
## TRAVIS COUNTY, TEXAS

|  |  |  |
|---|---|---|
| EX PARTE | ) | **Cause No.** |
| Brandon Daniel, | ) | **D-1-DC-12-201718** |
| APPLICANT | ) | |
|  | ) | |
|  | ) | |
|  | ) | |

## NOTICE OF APPEARANCE AS COUNSEL AND MOTION FOR NINETY-DAY EXTENSION OF TIME TO FILE INITIAL STATE HABEAS APPLICATION

Brandon Daniel ("Daniel"), through his attorneys the Office of Capital Writs ("OCW"), requests this Court grant an extension of time to file his initial state habeas application under Article 11.071 of the Texas Code of Criminal Procedure. Daniel intends on filing an initial state application.[1] Article 11.071, Section 4(b), authorizes this Court to grant one ninety-day extension for good cause shown. TEX. CODE CRIM. PROC. art. 11.071, § 4(b). For the reasons set out below, Daniel believes good cause exists to justify the granting of a ninety-day extension, to December 2, 2015, to allow Daniel the opportunity to file a thorough and complete initial state habeas application.

---

[1] Daniel has requested that the OCW represent him for purposes of filing his initial state habeas application, and the OCW has accepted. *See* Ex. 1. The OCW requests that this Court officially re-appoint the office for record purposes as Daniel's counsel, and has attached an order to that end. As the office is state-funded, it will not be seeking funding from this Court.

1

# I.

## STATEMENT OF FACTS

Daniel was convicted and sentenced to death on February 28, 2014, in the 403rd District Court, Travis County, Texas. CR at 198. Pursuant to Article 11.071, Section 2(b), this Court appointed the OCW on the same day to represent Daniel in his state post-conviction habeas litigation. *Id.* at 192. During the OCW's representation of him, Daniel sent letters to this Court, expressing his desire to discharge the OCW in an effort to waive his right to habeas review. 2 Supp. RR at 4–7. As a result, on May 21, 2015, this Court made findings that Daniel's letters demonstrated a knowing and intelligent recitation of his desire to remove the OCW as his counsel and waive habeas review.[2] On July 10, 2015, after a court-appointed expert found Daniel competent to make that decision, this Court removed the OCW from Daniel's case. 3 Supp. RR at 9–10.[3]

On August 8, 2015, Daniel filed a pro se request for a ninety-day extension of time to file his initial state habeas application. On August 14, 2015, this Court informed the parties that the motion was denied as it did not meet the standard of good cause, but that if Daniel informed the Court that he had decided to pursue an 11.071 application, that this Court would entertain granting an extension. On August 18, 2015, Daniel drafted a new letter for this Court noting his desire to pursue a writ of habeas corpus and to allow the OCW to represent him for that

---

[2] Daniel could not actually waive his state habeas review until the date his application is due. *See Ex parte Reynoso*, 257 S.W.3d 715, 720 n.2 (Tex. Crim. App. 2008) (per curiam). Thus, his prior statements expressing a desire to waive his appeals have no current legal effect.

[3] The OCW filed a notice of appeal after being removed as counsel on July 28, 2015. Because the OCW again represents Daniel at his request, *see* Ex. 1, that appeal is moot.

2

purpose. Ex. 1. The OCW has agreed to resume its representation of Daniel, and files this extension request.

## II.

## ARGUMENT

Under Article 11.071 of the Texas Code of Criminal Procedure, this Court is authorized to grant a single ninety-day extension to an applicant seeking to file an initial state habeas application. TEX. CODE CRIM. PROC. art. 11.071, § 4(b). Article 11.071 sets the deadline for filing an initial application as the 180th day after the date habeas counsel is appointed or the 45th day after the State files its original brief on direct appeal, whichever date falls later. TEX. CODE CRIM. PROC. art. 11.071, § 4(a). Therefore, Daniel's initial application for state habeas corpus relief is currently due in this Court on or before September 3, 2015. The Court may grant an extension if it finds good cause exists, and the ninety days begin counting at the date of the original filing deadline. *Id.* Daniel believes good cause exists in this case to allow ninety days' more time to investigate and develop his state habeas application.

### A. Steps Are Still Required in Order to Complete a Full Investigation of the Factual and Legal Grounds for Habeas Relief

Following its appointment, the OCW has endeavored to expeditiously and thoroughly investigate Daniel's background and conviction for any factual and legal grounds for habeas corpus relief, as instructed under Article 11.071, Section 3(a). In Daniel's case, the OCW has collected and reviewed files created during Daniel's trial, including those held by Daniel's trial counsel, defense team investigators, and various experts hired for either consultation or testimony by the defense team. Additionally, the OCW has reviewed the clerk's and reporter's records, both of which are substantial.

3

To date, the OCW has independently identified and collected various records from Daniel's life history, including educational, medical, criminal, and vital statistic records. The OCW has also completed a substantial independent investigation into Daniel's background and into the circumstances surrounding his conviction of capital murder. At this juncture, the OCW has identified a multitude of witnesses, including many family members and friends of Daniel, that have knowledge potentially pertinent to claims Daniel intends to present in his state habeas application. Further, the OCW is in the process of identifying additional witnesses who will need to be interviewed.

The OCW has also identified several areas in which expert assistance is necessary in order to fully present Daniel's habeas corpus claims. Although initial interviews and consultations have occurred, the OCW is still in the process of collecting affidavits and reports from these expert witnesses to be included in the state habeas application.

The development of these witnesses and experts is particularly important for any claims that Daniel wishes to raise regarding ineffective assistance of trial counsel. The CCA has made clear that the ineffective assistance of counsel issue is best raised on habeas corpus, not direct appeal, due to the outside-the-record nature of such claims. *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997). Capital trial counsel have a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Wiggins v. Smith*, 539 U.S. 510, 523 (2003); *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984). The CCA holds capital trial counsel to a high standard: "It is not sufficient to inquire generally and leave it up to the defendant to raise topics or respond to open-ended questions. Like a doctor, [capital] defense counsel must be armed with a comprehensive check-list of possibilities, and forcefully inquire about each topic." *Ex parte Gonzales*, 204 S.W.3d 391, 400–01 (Tex. Crim. App. 2006)

4

(Cochran, J., concurring). Therefore, in order to identify and fully prove claims of ineffective assistance, Daniel must himself fully investigate to determine whether important areas of evidence were left undiscovered.

## B. Any Legal or Factual Grounds That Could Have Been but Are Not Raised in Daniel's Initial Application May Be Procedurally Barred from Future Review

Applicants must be particularly diligent in the investigation and presentation of their initial state habeas petitions. Statements made in the Legislature during the passage of Article 11.071 illustrate this importance.

> And we tell individuals that everything you can possibly raise the first time, we expect you to raise it initially, one bite of the apple, one shot .... What we're attempting to do here is say 'raise everything at one time.' You get one bite of the apple. If you have to stick the kitchen sink in there, put it all in there, and we will go through those claims one at a time and make a decision. But none of this 'every week you file a new petition' which is currently basically what happens .... The idea is this: you're going to be able to fund counsel in these instances and we are going to give you one very well-represented run at a habeas corpus proceeding. And unless you meet a very fine-tuned exception, you're not going to be able to come back time after time after time.

*Ex Parte Kerr*, 64 S.W.3d 414, 418–19 (Tex. Crim. App. 2002) (quoting Representative Pete Gallego at the second reading of S.B. 440 on the floor of the Texas House of Representatives, May 18, 1995).

The United States Supreme Court has issued rulings implicating the performance of habeas counsel in *Maples v. Thomas*, 132 S. Ct. 912 (2012), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). These opinions highlight the necessity, if not constitutional duty, of habeas counsel to perform competently and thoroughly in developing habeas applications. The Court specifically addressed the issue of effective state habeas counsel performance in Texas in *Trevino v.*

5

*Thaler*, 133 S. Ct. 1911 (2013), holding that a federal court can excuse a procedural default where state habeas counsel was ineffective for failing to raise a claim during the initial state habeas proceeding.

The CCA has similarly noted that a habeas application under Article 11.071 is an applicant's one full and fair "bite at the apple." *Ex Parte Medina*, 361 S.W.3d 633, 642 (Tex. Crim. App. 2011). Part of the importance of this application rests in the effect its filing takes on a defendant's future litigation over his conviction. Under Article 11.071, Section 5, "[i]f a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless" one of three narrow circumstances exists. TEX. CODE CRIM. PROC. art 11.071, § 5.

After the holdings in *Martinez* and *Trevino*, the duty to fully investigate and present claims during the initial state habeas process has become increasingly important in order to avoid additional litigation in state and federal court. As state habeas counsel's performance is scrutinized at the federal level, there is a high likelihood that if initial state habeas counsel does not present all potentially meritorious claims in the initial application, state courts will be required to re-litigate cases in subsequent applications. This is because, under the United States Supreme Court's holding in *Cullen v. Pinholster*, federal "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. 1388, 1398 (2011). As such, and pursuant to *Martinez* and *Trevino*, federal courts will remand cases back to state courts for additional fact finding if initial state habeas counsel's performance is found to be deficient.

6

## C. The OCW Has a Full Case Load That Also Requires Attention from Agency Staff

As the state agency charged with representing capital defendants in their state habeas proceedings, the OCW is appointed in cases that have resulted in a death sentence after September 1, 2010. These cases occur all across the State of Texas. The OCW staff works diligently to provide representation to the agency's clients consistent with state habeas counsel's obligations under state and federal law.

While the OCW is focused on the development of Daniel's initial state habeas application, it also must devote attention to other cases that have equally pressing deadlines. Over the course of the next four months, the OCW anticipates filing six initial state habeas applications, including Daniel's. An additional ninety-day extension would allow the OCW to manage its case load appropriately, the better to fully investigate and develop Daniel's initial application.

## III.

## CONCLUSION

For the foregoing reasons, Daniel requests this Court grant his Motion for Ninety-Day Extension of Time.

Respectfully submitted,

DATED:     August 20, 2015

By _____
Jeremy Schepers

By _____
Ashley Steele

7

## IN THE 403RD DISTRICT COURT
## TRAVIS COUNTY, TEXAS

|  |  |
|---|---|
| EX PARTE<br>**Brandon Daniel,**<br>APPLICANT | ) Cause No.<br>) **D-1-DC-12-201718**<br>)<br>)<br>)<br>) |

## ORDER

On this date, the Court considered Daniel's Motion for Ninety-Day Extension of Time to File Initial State Habeas Application. After due consideration, Daniel's Motion is GRANTED. The initial state application is due on December 2, 2015.

ORDERED AND SIGNED on this 21 day of August, 2015.

The Honorable Brenda Kennedy
Judge, 403rd District Court

Filed In The District Court
of Travis County, Texas
on_____8/21/15_____
at_____12:00_____PM.
Velva L. Price, District Clerk

8

## IN THE 403RD DISTRICT COURT
## TRAVIS COUNTY, TEXAS

|  |  |  |
|---|---|---|
| _____ | ) | **Cause No.** |
|  | ) | **D-1-DC-12-201718** |
| **EX PARTE** | ) |  |
| **Brandon Daniel,** | ) |  |
|      **APPLICANT** | ) |  |
|  | ) |  |
| _____ | ) |  |

## ORDER

On this date, the Court appoints the Office of Capital Writs to assist Daniel in the filing of his initial state habeas application.

ORDERED AND SIGNED on this $\underline{21}$ day of August, 2015.

                            _____

                            The Honorable Brenda Kennedy
                            Judge, 403rd District Court

**Filed In The District Court
of Travis County, Texas**
on _____ 8/21/15 _____
at _____ 12 _____ PM.
**Veiva L. Price, District Clerk**

# EXHIBIT 1

8-18-15

To Judge Brenda Kennedy,

In light of new expert Findings I have decided to pursue an appeal and I would like to request a 90 day extension in order to put that appeal together. I would also like to appoint the Office of Capital Writs as my counsel for my state habeus application and I would like to rescind my request to remove them from my case.

Brandon Daniel

# CERTIFICATE OF SERVICE

I, the undersigned, declare and certify that I have served the foregoing Motion to:

District Clerk
Travis County Courthouse
P.O. Box 679003
Austin, TX 78767-9003
(Original)

Judge Brenda Kennedy
403rd District Court
P.O. Box 1748
Austin, TX 78767
(One copy)

Travis County District Attorney
c/o Lisa Stewart
P.O. Box 1748
Austin, TX 78767
(One copy)

This certification is executed on August 20, 2015, at Austin, Texas.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Jeremy Schepers

10